UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZEMMON QUILLIN                                          CIVIL ACTION

VERSUS                                                  NUMBER: 14-1242

ORLEANS PARISH                                          SECTION: "E"(5)

### REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Zemmon Quillin, against Defendant, the Parish of Orleans, State of Louisiana.

Plaintiff Quillin is an inmate of the Orleans Parish Prison who was arrested on October 31, 2013 on an unidentified criminal charge. As his statement of claim herein, Plaintiff alleges only that "[t]here's no [p]olice [r]eport in my case and I did a[ ] sentence for the [a]lleged [c]harge." (Rec. doc. 3, p. 6). The relief sought by Plaintiff is simply that he prevail in his lawsuit. (*Id.* at p. 10).

To the extent that Plaintiff's complaint can be read as alleging that he served or is serving a sentence that is unsupported by sufficient documentary proof, he challenges the fact/duration of his confinement and thus presents a claim sounding in the nature of

*habeas corpus* which must first be pursued on those grounds, but only after Quillin has exhausted available state court remedies. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). As Plaintiff makes no showing of having done so, his complaint, insofar as it can be construed as a request for federal *habeas corpus* relief, should be dismissed without prejudice for failure to exhaust the remedies that are available to him in the state court system. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any viable §1983 claims are raised by Plaintiff's complaint as to the sole named Defendant, the Parish of Orleans. In order to hold a municipality or a local governmental entity like the Parish liable under §1983, a Plaintiff must initially allege that an official policy or custom was a cause-in-fact of the deprivation of his constitutional rights. *Jackson v. City of New Orleans*, No. 09-CV-5836, 2009 WL 4110371 at *3 (E.D. La. Nov. 24, 2009)(citing *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997)). No such showing is made here. Moreover, unless and until Plaintiff is able to have his confinement declared invalid by a tribunal that is authorized to make such a determination, he has no §1983 cause of action. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Accordingly, it will be recommended that Plaintiff's §1983 claim be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, insofar as it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's claim be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

New Orleans, Louisiana, this 13th day of June, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE